# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CASEY BASTIAN,<br><br>　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C11-1036<br><br>**ORDER** |

_____

The matter is before the court pursuant to Casey Bastian's ("the movant") motion to appoint counsel (docket no. 12), motion to expand the record of the criminal case (docket no. 14) and motion to reconsider previously filed discovery motions in the movant's criminal case (docket no. 15), which the movant filed on December 13, 2011.

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court may appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil cases); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating that an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Given the record, the court concludes that appointment of counsel is not warranted, especially considering that the movant knowingly and voluntarily pleaded guilty. Accordingly, the movant's motion for appointment of counsel (docket no. 12) is denied.

Previously, the court permitted the movant to submit any supplementary documents that he obtained and deemed relevant to his claims. The court, however, did not permit the

movant to conduct or obtain discovery and denied his request to have his detention hearing and sentencing hearing transcribed. Having reviewed the movant's claims in light of the record, the court stands by its previous decision. Because good cause is lacking, discovery is not warranted. In addition, the court seriously doubts whether additional filings or documents from the movant would clarify any of his claims. Therefore, the movant's motion to expand the record of the criminal case (docket no. 14) and motion to reconsider previously filed discovery motions in the movant's criminal case (docket no. 15) are denied. The court, however, reminds the movant that nothing prevents him from supplementing the record with relevant documents. Because the briefing in this matter is complete, any supplement(s) should be filed by no later than **December 17, 2012**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of December, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA